NO. 07-01-0024-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 10, 2001

______________________________

CLAUDE HOOKS, JR., CLAUDE HOOKS, III, 

DEBORAH DERR, and CATHY DERR,

Appellants

v.

BEN ROBERTS, 

Appellee

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 33,944; HON. WILLIAM D. SMITH, PRESIDING

_______________________________

On Motion for Rehearing

_______________________________

Before QUINN, REAVIS and JOHNSON, JJ. 

By opinion and judgment issued on March 16, 2001, we dismissed this appeal.  We did so because Claude Hooks, Jr., (the only appellant) failed to 1) appeal the decision of 

the trial court denying him leave to proceed as an indigent and 2) pay the applicable filing 

fee.
(footnote: 1)  Apparently in response to our opinion and judgment, Hooks filed a notice of appeal.  Through same he now attempts to appeal the trial court’s determination regarding his status as an indigent.  Since the aforementioned notice of appeal undoubtedly evinces an attempt to reinstate a cause which we have dismissed, we construe the notice of appeal as a motion for rehearing.  And, as so construed, we deny it for the following reason.

This court previously requested an abbreviated clerk’s and reporter’s record.  Their contents were to include documents and testimony regarding Hooks’ desire to proceed on appeal as an indigent.  We have received them.  Furthermore, from the reporter’s record we see that Hooks dismissed and withdrew his pauper’s affidavit before the trial court decided whether to allow him to continue as an indigent.  Given this decision on the part of Hooks, the question of whether he could have proceeded as an indigent is moot.  In short, whether the trial court should have granted him the status of a pauper cannot be addressed since Hooks withdrew his request to so proceed.      

 Accordingly, the motion for rehearing is denied.

                                                Brian Quinn 

                                                      Justice 

Do not publish.  

FOOTNOTES
1:
The trial court did not deny him leave to proceed as an indigent 
in toto
.  Rather, it informed Hooks that the clerk’s record would be compiled free of charge because the clerk untimely contested his affidavit of indigency.  However, it also concluded that the court reporter’s contest was timely and sought to proceed with a hearing on that contest.  Yet, because the hearing could continue, Hooks withdrew and dismissed his affidavit of indigency .  So, as it stands, we have before us an order directing the court clerk to compile the clerk’s record free of charge, no affidavit of indigency, and a court reporter’s contest to an affidavit of indigency which the affiant subsequently withdrew.  A mishmash indeed.